**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

|  |  |
|---|---|
| Randy L. Mull, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 9:06-3421-CWH |
| vs. ) | |
| ) | |
| City Governments; DEA Governments; and ) | **ORDER** |
| All Others, ) | |
| ) | |
| Defendants. ) | |

On December 6, 2006, the plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 against "City Governments," "DEA Governments," and "All Others" (the "defendants"). On December 19, 2006, Magistrate Judge George C. Kosko ("Magistrate Judge Kosko") issued a report analyzing the issues and recommending that the case be dismissed without prejudice and without issuance of service of process because the Court lacks subject matter jurisdiction over the case. On January 3, 2007, the plaintiff filed objections to the report and recommendation.

This Court is charged with making a *de novo* determination of any portions of the magistrate judge's recommendation to which specific objection is made. *See* 28 U.S.C. § 636. The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or

modify, in whole or in part, the report and recommendation, or recommit the matter with instructions. *See* 28 U.S.C.§ 636(b)(1).

The Court need not conduct *de novo* review, however, "when a party makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The plaintiff's objections, which are discussed below, are not the type of objections contemplated by the Federal Rules of Civil Procedure because the plaintiff makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's report and recommendation. Nevertheless, despite the plaintiff's failure to make specific objections, the Court will consider the merits of his objections.

Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends." If, however, the complaint does not contain an "affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). In his complaint, the plaintiff appears to allege that his name is being used, in and out of South Carolina, by "City Governments," "DEA Governments," and "All Others." The plaintiff fails to specify the relief that he seeks and alleges no facts in the complaint to state a cause of action against any of the defendants. In an attachment to his complaint, the plaintiff alleges that he has been injured by government conspiracies against him and government "snitching." Because the plaintiff has failed to request any type of relief and alleges no facts in the complaint to state a cause of action against any of the unspecified defendants, there can be no jurisdiction based on the facts. *See*

Fed. R. Civ. P. 8(a)(1).

It appears that the plaintiff makes the following objections to Magistrate Judge Kosko's report and recommendation: 1) the plaintiff did not receive a clocked in copy of his complaint or his interrogatories, which were both filed on December 6, 2006; 2) the Court did not read the plaintiff's complaint or interrogatories in full; and 3) the plaintiff is being denied his legal due process rights. These objections are each discussed in turn below.

### A. Plaintiff's Clocked Copies of Documents Submitted to the Court

The plaintiff states that he did not receive a clocked in copy of either his complaint or his interrogatories, which were both filed with the court on December 6, 2006. The instructions for *pro se* plaintiffs are available on the court's website and explain to the plaintiff that all documents filed with the court will be available to the public on the internet through Pacer (Public Access to Court Electronic Records). The instructions specify five steps to follow in order to commence a lawsuit and instruct the plaintiff to keep a copy of the complaint for his records. Furthermore, the *pro se* instructions inform the plaintiff of the process that the court follows in handling a case. The court is not required to mail the plaintiff a clocked copy of his complaint and his interrogatories after those documents are filed with the court. Therefore, the plaintiff's objection is without merit.

### B. Reading the Documents in Full

The plaintiff appears to allege that Magistrate Judge Kosko did not read his documents in full, but rather based his report and recommendation on "other investigations in and out of South Carolina." It is evident from Magistrate Judge Kosko's thorough discussion of the present case in his report and recommendation that he read the documents in full before suggesting that this

case be dismissed. In addition, this Court has conducted a review of the record in its entirety and concludes that it must dismiss this action for lack of jurisdiction. Therefore, the plaintiff's objection is without merit.

    C. Due Process

The plaintiff generally alleges that he as been denied due process. In order to prevail on a due process claim, the plaintiff must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. *See* Plyler v. Moore, 100 F.3d 364, 374 (4th Cir. 1996). In this case, the plaintiff does not demonstrate or even allege that he was deprived of "life, liberty, or property" by governmental action. The Court finds the plaintiff's objection in this regard is without merit.

This Court has reviewed the entire record and agrees with Magistrate Judge Kosko's conclusions. For the reasons stated above, the plaintiff's claims against the defendant are dismissed without prejudice and without issuance and service of process because this Court lacks subject matter jurisdiction over this case.

**AND IT IS SO ORDERED.**

                                    */s/ C. Weston Houck*
                                    **C. WESTON HOUCK**
                                    **UNITED STATES DISTRICT JUDGE**

October 11, 2007
Charleston, South Carolina