**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Randy L. Mull, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 9:06-3421-CWH |
| ) | |
| vs. ) | |
| ) | |
| City Governments; DEA Governments; and ) | **ORDER** |
| All Others, ) | |
| ) | |
| Defendants. ) | |

On December 6, 2006, the plaintiff, proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983 against "City Governments," "DEA Governments," and "All Others" (the "defendants"). On December 19, 2006, Magistrate Judge George C. Kosko ("Magistrate Judge Kosko") issued a report analyzing the issues and recommending that the case be dismissed without prejudice and without issuance of service of process. On January 3, 2007, the plaintiff filed objections to the report and recommendation.

On October 11, 2007, after reviewing the record in its entirety, the Court dismissed the plaintiff's claims against the defendant for lack of subject matter jurisdiction. On November 9, 2007, the plaintiff filed a motion for reconsideration. The plaintiff fails to specify which of the Federal Rules of Civil Procedure supports his motion for reconsideration. Motions to alter or amend a judgment filed within 10 days of entry of the judgment are construed under Rule 59(e). Small v. Hunt, 98 F.3d 789, 797 (4th Cir. 1996); *see also* Fed. R. Civ. P. 59(e). The calculation of time excludes intermediate Saturdays, Sundays, and legal holidays. Fed. R. Civ. P. 6(a). The

Clerk entered judgment in this case on October 12, 2007. In accordance with Rule 6(a), the plaintiff had ten business days, until October 26, 2007, to file a Rule 59(e) motion. The plaintiff's motion for reconsideration was filed on November 9, 2007. Consequently, the motion was not filed within the allotted time and cannot be construed under Rule 59(e). Small, 98 F.3d at 797.

A motion to alter or amend judgment filed after 10 days from entry of judgment should be analyzed under Rule 60(b). Id. A motion to reconsider a judgment may be brought under Rule 60(b) for the following reasons: "(1) mistake . . . or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated . . . ; or (6) any other reason justifying relief from operation of this judgment." Fed. R. Civ. P. 60(b). The plaintiff has not indicated which of these circumstances he is relying on for relief.

The Court will construe this motion as one brought under Rule 60(b)(6), which entitles the Court to relieve a party from an order for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). However, the remedy under Rule 60(b) is "'only to be invoked upon a showing of exceptional circumstances.'" Nat'l Credit Union Admin. Bd. V. Gray, 1 F.3d 262, 266 (4th Cir. 1993). The plaintiff makes the same allegations that he made in his December 6, 2006 complaint. These allegations are insufficient to justify relief from judgment. Because the plaintiff is not entitled to Rule 60(b)(6) relief, the Court need not address whether the plaintiff has shown "exceptional circumstances" and met the other

threshold conditions necessary for Rule 60(b) to apply.  Id. at 264-66.

Based on the foregoing reasoning and cited authorities, the plaintiff's motion to reconsider is without merit.  Therefore, the motion to reconsider is denied.

**AND IT IS SO ORDERED.**

*C. Weston Houck*

**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

November 30, 2007
Charleston, South Carolina